# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CLARA REECE FULLER,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLIANT ENERGY,<br><br>    Defendant. | No. C-05-92-LRR<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTION OF JUDGE OR RECUSAL** |

The matter before this court is Plaintiff Clara Reece Fuller's Pro Se Motion for Substitution of Judge or Recusal (docket no. 54), filed on August 26, 2005. Alliant Energy filed a Resistance to Plaintiff's Motion (docket no. 56) on September 1, 2005.

Plaintiff contends that, because the undersigned either "erred or was prejudicial" in a separate case in which she was the plaintiff, *Fuller v. Census Bureau*, No. C-01-172-LRR (N.D. Iowa), the undersigned should be recused. Defendant responds that Plaintiff has not satisfied her burden under 28 U.S.C. § 455 and has not shown that recusal is necessary.

It appears that Plaintiff is arguing for recusal pursuant to 28 U.S.C. § 455(a) or (b)(1).[1] Title 28, United States Code, Section 455, in pertinent part, provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

[1] Although Plaintiff does not cite statutory or common law authority for her motion, pro se motions are to be broadly construed. *See Bracken v. Dormire*, 247 F.3d 699, 704 (8th Cir. 2001) ("[W]here a petitioner without legal expertise prepares his own pleading, we must construe it 'in a broad and remedial manner.'") (quoting *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989)).

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b).

"The test for disqualification or recusal is an objective one and asks whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Tyler v. Purkett*, 413 F.3d 696, 704 (8th Cir. 2005) (quoting *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981)). "Adverse judicial rulings . . . 'almost never' constitute a valid basis for recusal . . . ." *Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005). Moreover, it is not improper for a judge to have opinions based on what they learn about a party in earlier proceedings. Even when a judge is "exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person[,] . . . [i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky v. United States*, 510 U.S. 540, 551 (1994). The Eighth Circuit Court of Appeals "presumes the honesty and integrity of those serving as judges." *Jones v. Luebbers*, 359 F.3d 1005, 1013 (8th Cir. 2004). To succeed, the movant must show the undersigned has a "'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (citing *Liteky*, 510 U.S. at 555).

The court has considered the parties' filings and the relevant law. The court concludes Plaintiff has not shown the undersigned is in anyway biased or impartial. The mere fact that Plaintiff disapproves of the adverse proceedings or outcome of a separate case does not necessitate disqualification.[2]

In light of the foregoing, IT IS ORDERED: Plaintiff's Motion for Substitution of Judge or Recusal (docket no. 54) is DENIED.

**IT IS SO ORDERED.**

**DATED** this 7th day of September, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court notes that Plaintiff could have appealed any of the adverse rulings she disliked in the separate case. In fact, Plaintiff did appeal. *See Fuller v. Census Bureau*, No. C-01-172-LRR, at docket no. 76 (N.D. Iowa) (July 25, 2005 judgment from Eighth Circuit Court of Appeals summarily affirming the judgment of this court).